IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDER RAPIDS DIVISION

Colton Rickels
    Petitioner

vs.                               Case No. 1-15-CR-00020-CJW-MAR

United States of America
    Respondents

RECEIVED JAN 11 2021

## MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)

    COMES NOW, Petitioner Colton Rickels, (Defendant), all as represented in propria personam, and sui juris, and in good faith, and acting on his own behalf and as his own legal Counsel. Hereby moves this Honorable Court toward "GRANT" of sentence modification due to a "Clarifying Amendment," from the sentencing Commission effective November 1, 2016.

    Petitioner contends his sentence should be reduced (Modified) in the Interest of Justice, because it is within the scope of U.S.S.G. § 1B1.10 and either in part or in whole consistant with the factors set forth in 18 U.S.C. § 3553(a).

### I. 3582(c)(2)

    A Court must determine that such a request, a sentence reduction is consistant with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted either in part or whole according to factors set forth in 18 U.S.C. § 3553(a), SEE: Dillion v. United States

560 US 817, 829, 130 S.Ct 2683, 177 L.Ed 2d 271 (2010).

As stated by the Supreme Court in *Freeman v. United States*, 131 S.Ct 3685 (2014), a narrow exception for a Court to modify a defendant's sentence [as in this instant case], where the defendant who has been sentenced to a term of imprisonment that has subsequently been lowered by the Sentencing Commission Clarifying Amendment because 1B1.10(a) has been changed. The language now requires within the language of this new Clarifying Amendment and thus lowering the Petitioners guideline range, and the Honorable Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553 (a) to the extent applicable.

Under 18 U.S.C. § 3582 (c)(2) Federal Courts generally may not modify a term of imprisonment once it has been imposed, but 3582 (c)(2) provides an exception to this Rule, and the Petitioner believes he is entitled with such a reduction.

[I]n a case of a defendant who has been sentenced to a term based on a sentencing range thas has subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994 (D), and upon a motion of the Defendant or the Director of the Bureau of Prisons or upon its own motion, the court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553 (a), "SEE: *Dillion v. United States*, 560 US. 817, 819 (2010)."

Creating an exceping to the rule "Section 3582 (c)(2) authorizes district Courts to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on guidelines that have been subsequently lowered by the Sentencing

Commission." United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013) (quoting Dillion v. U.S., 560 US 817 (2010); 18 U.S.C. §3582 (c)(2).

Therefore this Honorable Court must determine whether the defendant/Petitioner is eligible for a sentence reduction under the policy statements adopted by the Sentencing Commission as well as the extent of any reduction authorized, therefore the court must determine the amended guideline range that will be or would have applied or been applicable to the defendant/Petitioner if the Amendment would have been in effect at the time of the original setence.

As a threshold matter for a defendant/Petitioner to be eligible for a reduction, the Amended sentencing guideline range must be lower than the range that was applied at sentencing. SEE: U.S.S.G.§ 1B1.10, and since the Petitioner's guideline range at the time of sentencing was higher and has now subsequently been lowered by the Sentencing Commission's "Clarifying Amendment," a reduction is warranted pursuant to the Supreme Court ruling in Dillion v. United States, 560 US 817 (2010).

## II. Eligibility For Reduction

A defendant [Petitioner], may be eligible for a sentence reduction if: (1) one of the Amendments in U.S.S.G.§ 1B1.10 applies to the defendant's conduct; (2) such conduct actually lowered the defendant's sentencing guideline range; (3) such reduction does

not lower the defendant's sentence to a term less than the minimum of the guideline range; (4) such a reduction does not lower the term of imprisonment (incarceration) already served. SEE: U.S.S.G § 1B1.10 (b)(1)-(b)(2).

Amendments of 1B1.10 (b)(1)-(b)(2) apply in this instant case because the Sentencing Commission has subsequently lowered the Petitioner's guideline range without lowering such a range below the minimum of such a range and it is not less than the term of incarceration already served and therefore a sentence reduction is warranted.

The Petitioner is eligible for such a sentence reduction because of the change by the Sentencing Commission's "Clarifying Amendment" and it applies to this Petitioner.

The purpose of the Sentencing Commission are to; (1) establish sentencing policies and practices for the Federal Criminal Justice system that;

(A) Assure the meeting of the purposes of sentencing as set forth by 3553 (a)(2) of Title 18 U.S.C. Code.

(B) to provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar criminal conduct while maintaining sufficiently flexible to permit individualized sentences when warranted by mitigating or agravated factors not taken into account in the establishment of general sentencing practices.

To deny such a motion as requested by the Petitioner would "VOID" such a purpose as stated above by giving an unwarranted and disparate sentence.

## IN SUPPORT OF REQUESTED REDUCTION AND FINDING FACTS

Petitioner, <u>Colton Rickels</u>, as represented in propria personam, sui juris, and acting on his own behalf and his own legal counsel, bring forward this Petition under guise of umberrima fiade, in good faith and with proper and appropriate intention, to avail the facts associated with legal standing and argument, where upon this Petitioner requests that this Honorable Court construe such facts and condition of formal review and adjudication thereof.

WHEREFORE:

01). Petitioner, avers that he is flesh and blood, adult male, currently remanded under the bondage of incarceration with the Federal Bureau of Prisons, and residing at the Federal Correctional Institution medium 2, Butner, NC, until such time that he is formally released as a condition of his judgment commitment.

02). Petitioner, avers that this Honorable Court shall maintain sufficient Coram judice, including both personal and subject-matter jurisdiction, all as prescribed under **Title 18 U.S.C. §3731**, whereupon, such venue shall stand as time and correct and divest all other courts of their preview and authority.

03). Petitioner, avers that he has successfully placed process of service upon the named addressee to this Petition, and that such service has been forwarded by placement with the United States Postal service, via First Class mail, all as timely, and verified per the mailbox Rule and Fed. R. Civ. P.

04). Petitioner, avers that, under penalty of perjury, and in knowing the laws of bearing false statement before his Creator and fellow man, the following findings of fact and legal arguments shall stand as true and complete to the best of his ability, and that such pronouncements shall fall in accordance with **Title 28 section 1731**, through **1960** under unsworn declaration, and having met judicial and judiciary proceedure all as prescribed under Rules of procedure.

05). Petitioner, avers that he has performed throughout his term of incarceration, he has enrolled and perticipated in myraid of education and skill-building programs all in support of employment preparness. **SEE: Attached Certificates and education Transcripts.**

06). Petitioner, avers that throughout his term of incarceration he has maintained a full and gainful employment within the institution having made significant contribution toward the enhancement of position and his respective and his respective department.

07). Petitioner, avers that throughout his term of incarceration he has devoted a significant number of hours to that of teaching and mentoring others at-risk and at-need inmates entering the system. As a mentor, Petitioner has assisted other inmates in achieving their goals and setting realistic priorerties that will lead them to a more expendient rehabilitation.

08). Petitioner, avers that he has explored and studied an extensive number of books and materials and subjects pertaining to improve judgment and revise thinking and decision making away from addictive behavior or criminal mindset.

09). Petitioner, avers that he has received assurance from key administration including psychology and religious services that he has displayed evidence that much of his energy is now directed at positive and productive activities and goals focused on an improved quality of life.

10). Petitioner, avers that upon his imminent release from prison, he has assurance of a supportive and dedicated family, including a strong and accepting community, all whom agree to provide encouragement, resources and opportunties.

11). Petitioner, Avers, that upon his release from prison, he has identified several community-oriented activities and foundations in which he intends to participate on a voluntary and charitable basis, including that of reaching out to those at-need and at-risk within his own community.

12). Petitioner, avers that he is successfully compiling all necessary documents or respective applications in perparation for transition and reentry back into mainstream society, including perparation for a valid drivers license, personal finances, transportation, and housing.

13). Petitioner, avers that upon his release he will immediatley be subject to the direct supervision and monitoring of his assigned probation officer, and that under such review and scrutiny, Petitioner will perticipate in reporting and screening exercises designed to assure his successful transition back into society.

14). Petitioner, avers that as of December 24, 2020, he has already served at total of (5) years (8) months of (10) year sentence without parole that he received from this Honorable Court.

## CONCLUSION

The supreme court has stated: "the Guidelines established the essential framework for sentencing procedures and sentencing courts must begin there

anatlysis with the guideline and remain cognizant of them throughout the sentencing process. SEE: <u>Peugh v. United States, 569 ---, ---, 133 S. Ct 2072, 2083, 186 L. Ed 2d 98</u>, and the sentencing Commission confirms that the guidelines inform and instruct the District Courts determination.

The Sentencing Commission [Clarifying Amendment] Change of U.S.S.G. § 1B1.10 a substantive and clarifying change in the law and in this Circuit and it is the Court's role to consider and decide whether the Sentencing Commissions statement and change can be considered for retroactive use. SEE: <u>United States v. Douglas, 69 F.3d 450, 453 (8th Cir 1995); United States v. Russell, 913 F.2d 1288, 1292 (8th Cir. 1990)</u>.

The Supreme Court noted it is **NOT** "Pointless" to adopt a Clarifying Amendment in order to eliminate oppression. SEE: <u>Circuit City stores v. Adams, 532 US 105, 149 L. Ed 2d 234</u>.

18 U.S.C. § 3582 (c)(2) provides a mechanism for relief when District Court's fail to anticipate developements that take place after the first sentencing. <u>SEE: 566 US 243, 132 S. Ct 1493, 182 L. Ed 2d 465</u>.

The Petitioner's guideline range has been changed, subsequently lowered due to a clarifying Amendment, by the Sentencing Commission which went into effect November 1, 2016, which changes the Petitioner's Guideline range from 121 months too 73 months and therefore Petitioner's Sentence should be modified to 73 months that is 48 months less than the sentence he received at Sentencing.

## PRAYER FOR RELIEF

LET THIS HONORABLE COURT GRANT:

..........ON BEHALF OF PETITIONER, Colton Rickels.

..........SO SHALL IT BE PRAYED THAT, this petitioner (Defendant) as named herein, being given consideration by this Honorable Court for a full two-level reduction or what ever this Honorable deems just to the ajudicated guideline range set forth as part of his final Judgment and Commitment, all upon remedies set forth under § 3582(c)(2), to which eligibility for such reduction shall result from an Amendment enacted upon those cases requiring revision to disparity, whereupon the defendant shall receive consideration to be granted upon the understanding the consideration under the retroactivity of the Amendment.

Petitioner, such granted upon the understanding that his current sentence is ripe for resentencing upon the Court........,, SO SHALL IT BE PRAYED.

Dated this 4 day of Jan, 2021.

Respectfully submitted

Colton Rickels

Colton Rickels #13932-029
FCC, Federal Correctional Institution 2
P.O. Box 1500
Butner, N.C. 27509

# CERTIFICATE OF SERVICE

I Colton Rickels, hereby Certify that the forgoing is true and Correct, Complete and not misleading and a true copy of such has been sent to the address below Via U.S. Postal Service, First Class mail postage pre-paid.

__1-4-2021__
DATE

__Colton Rickels__
Colton Rickels

Clerk of Court
111 Seventh Avenue, SE
Box 12
Cedar Rapids, IA. 52401

# CERTIFICATE OF COMPLETION

THIS CERTIFIES THAT

## COLTON RICKELS

HAS SUCCESSFULLY COMPLETED ALL REQUIRED COURSE MATERIAL FOR THE **DRAWING** CLASS CONDUCTED AT

## U.S.P. MARION, IL

GIVEN THIS __20TH__ DAY OF __DECEMBER 2016__

_M. Hayes_ (signature)

M. HAYES, SPORTS SPECIALIST

# CERTIFICATE OF COMPLETION

THIS CERTIFIES THAT

## COLTON RICKELS

HAS SUCCESSFULLY COMPLETED ALL REQUIRED COURSE MATERIAL FOR THE **ACRYLIC PAINTING** CLASS CONDUCTED AT

## USP MARION, IL

GIVEN THIS __27TH__ DAY OF __MARCH 2018__

_____
J. SZCZEBLEWSKI, SPORTS SPECIALIST

# Certificate of Completion

This certificate is awarded to

**Colton Rickels**

In recognition for completion of:

**Landscape**

Granted: <u>December 20, 2017</u>

TAMMY CASTELLANO
---
T. Castellano  Superviser of Education

*K. Kirkpatrick (signature)*
---
K. Kirkpatrick Teacher

# Certificate of Completion

USP Marion

Recreation Department

THIS IS TO CERTIFY THAT

*Colton Rickels*

Has Completed All Required Course Work

For The Water Color Class

_____
J. Szczeblewski, Sports Specialist

March 26, 2017

# Certificate of Completion

awarded to

## C. Rickels

for successfully completing all
requirements for

**Civil War – Unit Based**

September 24, 2020

S. Drowns, ACE Coordinator

FCI II Butner, NC

Reg. #13932-029
Unit: O01-059U

# Certificate of Completion

awarded to

## C. Rickels

for successfully completing all
requirements for

Financial Literacy – Unit Based

June 17, 2020
S. Drowns, ACE Coordinator
FCI II Butner, NC

Reg. #13932-029
Unit: O01-059U

COLTON RICKELS #13932-029
F.C.C. Federal Correctional Institution 2
 Medium
P.O. Box 1500
Butner, NC. 27509





"LEGAL"
"MAIL"

CLERK U.S. DISTRICT COURT
111 SEVENTH AVENUE, SE, 5th FLOOR
Internal BOX 12
   CEDAR RAPIDS, IA. 52401